## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 94-14088-CR-RYSKAMP/LYNCH

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**ROBERT HAROLD BITTLE,**

    **Defendant.**

_____/



FILED by _ed_ D.C.

DEC - 1 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D. OF FLA.

## REPORT AND RECOMMENDATION ON AMENDED PETITION FOR VIOLATION OF SUPERVISED RELEASE

    **THIS CAUSE** having come on to be heard for an initial appearance upon the Amended Petition for Violation of Supervised Release dated September 10, 2002, and this Court having held a hearing on December 1, 2006, at which the Defendant announced that he wished to admit the violations, this Court recommends to the District Court as follows:

    1.    Counsel for the Defendant announced at the outset of the hearing on December 1, 2006, that the Defendant wished to admit the violations set forth in the Amended Petition. The Court then placed the Defendant under oath and questioned him concerning his admission to the pending violations. The Defendant admitted the following violations:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about August 13, 2002, in Saint Lucie County, Florida, the releasee was arrested by Port Saint Lucie Police Department and charged with trafficking in Oxycodone, contrary to Florida statute 893.135 and possession of drug paraphernalia, contrary to Florida statute 893.147 in docket number 02-2818-CF. |
| **Violation Number 2** | **Violation of Standard Condition**, by failing to obtain permission of the Court prior to acting as an informer or special agent of a law enforcement agency. On or about August 13, 2002, the supervised releasee |

offered his services and information relative to buying Oxycotin and robbery information in Port Saint Lucie, Florida.

**Violation Number 3**   **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about August 27, 2002, in Saint Lucie County, Florida, the supervised releasee was arrested by Saint Lucie County Sheriff's office and charged with Robbery, contrary to Florida statute 812.13 and Grand Theft, contrary to Florida statute 812.014, in docket number 02-2977-CF.

**Violation Number 4**   **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about August 30, 2002, in Saint Lucie County, Florida, the supervised releasee was arrested by Saint Lucie County Sheriff's Office and charged with Robbery with a Weapon, contrary to Florida statute 812.13, in docket number 02-3003-CF.

**Violation Number 4**   **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about August 30, 2002, in Saint Lucie County, Florida, the supervised releasee was arrested by Saint Lucie County Sheriff's Office and charged with Robbery with a Weapon, contrary to Florida statute 812.13, in docket number 02-3004-CF.

**Violation Number 5**   **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about August 30, 2002, in Saint Lucie County, Florida, the supervised releasee was arrested by Saint Lucie County Sheriff's Office and charged with Robbery with a Weapon, contrary to Florida statute 812.13, in docket number 02-3005-CF.

2.   The Defendant acknowledged that he understood his rights to an evidentiary hearing in this case and that by admitting these violations he would be waiving those rights. The Defendant also acknowledged that by admitting these violations he would be waiving the rights associated with such a hearing including presentation of witnesses and evidence, cross-examination of witnesses, deciding whether to testify on his own behalf or not and

generally requiring the government to prove the violations.

3.    The Defendant acknowledged that no one had made any promises or inducements to have him admit the violations. The Defendant acknowledged that he is guilty of the violations and that is why he is admitting the violations.

**ACCORDINGLY**, this Court recommends to the District Court that based upon the Defendant's admissions to Violation Numbers 1 through 6 of the Amended Petition for Violation of Supervised Release pending against him, the Defendant be found to have violated his supervised release and that a sentencing hearing be held on the District Court's schedule for final disposition.

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Kenneth L. Ryskamp, United States District Judge assigned to this case.

**DONE AND SUBMITTED** this _____ day of December, 2006, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Kenneth L. Ryskamp
AUSA Diana Acosta
AFPD Dave Lee Brannon
U. S. Probation Office
U. S. Marshal